Outwater *v.* Nelson.

---

OUTWATER, plaintiff in error, *vs.* NELSON, defendant in error.

In an action upon a memorandum acknowledging the receipt of a quantity of corn in store, "on freight," the defendant offered to prove that it was the custom, at the landing where the corn was delivered, and had been for forty years, to pay for grain left on freight after the owner had ordered it to be freighted, and not before; and that this custom was known to the plaintiff, and that he himself had been in the habit, for many years, of leaving grain at that place, te be freighted, upon the same terms. *Held* that the evidence should have been received; and for its rejection the judgment was reversed.

*Held also*, that the plaintiff could not recover, upon such memorandum, without proving that the defendant had shipped the corn, or that he had been called upon for payment.

ERROR to the Dutchess common pleas. The action was commenced before a justice of the peace, in April, 1843. The plaintiff claimed to recover upon two receipts, one of which was as follows: "February 22, 1839. Received in store, Red Hook Landing, of Samuel Nelson, by self, 50$\frac{37}{60}$ bus. corn on freight.

James Outwater." The other receipt was in the same terms, and was for 27 $\frac{4}{56}$ bushels corn. The declaration alleged that in consideration that the plaintiff, Nelson, had sent and consigned to the defendant, Outwater, corn, &c. the defendant undertook and promised the plaintiff to sell the same and render a true account of the sales within a reasonable time; that the defendant received and had sold the grain and had not paid for it. The defense was that the corn was consigned to the defendant as a freighter, to dispose of when the plaintiff should direct and order, and that the plaintiff never ordered the grain sold. Upon the trial before the justice, the plaintiff recovered a judgment for $45.74 besides costs. The defendant appealed to the common pleas. Upon the trial in that court, the defendant offered to prove that it was the custom, at the landing of the defendant, and had been for forty years, and was known to the plaintiff, not to call for pay for grain left on freight until it is ordered to be freighted; and that it was and had been the custom, and known to the plaintiff, not to pay for grain until it had been ordered to be freighted. The evidence was objected to, and excluded. The defendant's counsel excepted.

The counsel for the defendant also offered to prove that the plaintiff had for many years been in the habit of leaving corn on freight at the defendant's landing and receiving pay for it after he had ordered it freighted, and not before. This evidence was also objected to, and excluded, and the defendant's counsel excepted.

The testimony being closed, the court charged the jury that the evidence was sufficient to entitle the plaintiff to recover. The counsel for the defendant excepted to the charge. Various other questions were raised by the bill of exceptions, but as they are not noticed in the opinion of the court, it is unnecessary to state them here. The jury rendered a verdict for the plaintiff, for $36.75, for which amount, with costs, judgment was perfected in February, 1844, and the defendant brought error to this court.

*W. Eno*, for the plaintiff in error.

*H. Hogeboom*, for the defendant in error.

*By the Court*, HARRIS, J.   Every contract may reasonably be presumed to be made with reference to the existing state of things.   Hence it is said, that " the usage or habit of trade or the conduct of an individual, which is known to the person who deals with him, may be given in evidence, to prove what was the contract between them." (2 *Greenl. Ev.* § 251.)   It appears from the receipts given in evidence that the corn delivered by Nelson to Outwater was not sold, but was delivered "on freight."   What did the parties intend by this ?   It has already been held, in reference to these very words, that evidence may be given to explain their meaning. (*Dawson* v. *Kittle*, 4 *Hill*, 107.)   It is obvious that the party receiving the corn did not become the absolute purchaser.   What then was the relation in which he stood to the owner ?   When and how was he to become liable to pay for the corn ?   The defendant in the court below offered evidence to explain this.   He offered to show that for forty years it had been the practice at the landing where this corn was delivered, to pay for grain left on freight after the owner had ordered it to be freighted, and not before ; and that this practice was known to the plaintiff.   He went further, and offered to show that the plaintiff himself had been in the habit for many years of leaving grain at the same place to be freighted, upon the same terms.   If these facts had been proved, no one could have hesitated to say that when the parties used the words " on freight," in their contract, they both understood that it was left to be disposed of according to the usage of the place and of the parties themselves.   Such a custom as that contained in the offer is convenient and reasonable.   It enables the producer to select his own time to dispose of his grain, and thus secure the chance of an increased price ; while the freighter may also, by freighting and selling before he is ordered, avail himself of the chance of a reduced price.

The court also erred in charging the jury that the evidence

was sufficient to entitle the plaintiff to recover. It was, in effect, directing a verdict for the plaintiff. It could not be pretended that the defendant was liable, unless he had shipped the corn, nor unless he had been called upon for payment. These, at least, were questions of fact which should have been submitted to the jury, even as the law was viewed by the court below. Other questions arose upon the trial, upon some of which I am inclined to think the court erred. But, for the errors already noticed, the judgment must be reversed and a *venire de novo* awarded to the Dutchess county court; with costs to abide the event.

[ALBANY GENERAL TERM, December 4, 1854. *Parker*, *Wright* and *Harris*, Justices.]