Gilbert, J.
The finding of the referee, that there was an agreement to pay the commissions, rests upon the testimony of the plaintiff Miller. He stated that the conversation out of which the agreement arose, was had with one or the other of the defendant’s agents, who were Mr. Gatlin and Mr. Satterwaith. These agents were called as witnesses for the defense. Satterwaith denied having made the agreement with Miller, and Catlin denied any agreement to pay commissions before the premiums were paid. Upon this evidence, the referee was justified in finding that the agreement as stated by Miller was made, namely, to pay a commission on all policies effected through the agency of the plaintiffs.
That agreement designated no time for the payment of the commissions. Parol evidence for the purpose of supplying this omission was therefore admissible. The defendants proved by Satterwaith, a custom among marine insurance brokers, that the commission is not due until the premium is paid, and by the plaintiff Scott, that the custom was to collect commissions *476 after the premiums were paid. Evidence of a custom of that kind is admissible. It is not repugnant to, or inconsistent with, the contract, nor does it add any new terms thereto, but is merely explanatory thereof. Where there is an established custom relating to the subject-matter of a contract, which is known to both the -parties to it, it may well be presumed that they made the contract with reference to such custom, and we think the evidence in this case warranted that presumption (1 Greenl. Ev. § 294).
The contract itself was informal. One of the plaintiffs asked what commissions the defendant allowed. The answer was five per cent. No other particulars were mentioned. The inquiry relates to a course of business, and the answer ought to be taken with all the qualifications attending the same.
We think, also, that evidence of the custom was admissible under the general denial contained in the answer. When proved, it became one of the constituents of the contract, and the statement thereof in the complaint, therefore, varied from the one actually made. The provision of the Code (§ 149), which requires new matter to be specially pleaded, applies only to matters of defense arising after the contract was made (Boomer v. Koon, 6 Hun, 645-649).
The judgment should be affirmed.
Judgment affirmed..
Barnard, J., and Dykman, J., present.