JOHN B. HOLLIS *vs.* HAROLD WESTON.

Suffolk.    March 15, 1892. — May 9, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Sale of Real Estate — Commission — Usage.*

Where, in an action to recover a commission, there was evidence from which the court might have found that the plaintiff was employed by the defendant to sell the real estate in question, that he sold it for a certain sum, and that no agreement was made as to the price to be paid for his services, it was *held* that he was entitled to a reasonable compensation.

In an action to recover a commission on the sale of real estate, the plaintiff, who was a resident of the town in which the real estate was located and whose principal business was that of stable keeper, testified that he also did some real estate brokerage business, and that he effected a sale of the land in question, under the defendant's employment, for a certain price. The defendant denied the employment, and produced evidence to show that the plaintiff was not a real estate broker. There was no evidence that any agreement was made as to the amount of compensation, but there was evidence tending to show at least a general usage to charge a certain commission upon sales in the town and its vicinity of land like that in question. *Held*, that, whether the plaintiff was or was not a real estate broker, the price generally paid in that vicinity for such services as he rendered was competent evidence of what the services were worth.

CONTRACT, to recover a commission of two and one half per cent on the sale of a piece of real estate in Duxbury.

At the trial in the Superior Court, without a jury, before *Bishop*, J., the plaintiff, who was a resident of Duxbury, and whose principal business was that of a livery and boarding stable keeper therein, testified that he also did some real estate brokerage business there, and that the defendant employed him, in Duxbury, to sell a piece of real estate situated there, and that he effected a sale of the same for $15,500. The defendant testified that he never employed the plaintiff to make such sale, and produced evidence tending to show that the plaintiff was not a real estate broker. The plaintiff did not assert, nor was there any evidence, that any agreement was made as to the amount of compensation to be paid; but the plaintiff contended that he was entitled to the amount claimed in his declaration, by virtue of a usage among real estate agents and brokers to charge two and one half per cent commission upon sales of real estate situated

in Duxbury and vicinity. To show such usage, the plaintiff introduced the evidence of one Nason, a real estate broker, whose residence and only office were in Boston, who testified that his business embraced sales of real estate both in Boston and in the country, including Duxbury and vicinity; that he had made a considerable number of sales in Duxbury, and also in the adjacent towns, and that he was familiar with the usage of real estate brokers as to sales in the country, including Duxbury and the parts contiguous thereto ; that there was a usage to charge upon sales outside of Boston, including Duxbury and vicinity, a commission of two and one half per cent, except upon farm property, upon which a commission of five per cent was charged. It was in evidence that there was no real estate broker residing, or having a place of business, in Duxbury, except as above stated as to the plaintiff.

The defendant objected to the admission of Nason's testimony, which was the only evidence in the case relating to usage. The judge overruled the objection.

The defendant contended, and asked the judge to rule, that evidence of such a usage as was testified to by Nason would not support the plaintiff's claim. The judge declined so to rule, and found for the plaintiff; and the defendant alleged exceptions.

*C. P. Weston,* for the defendant.

*H. J. Boardman & P. G. Bolster,* for the plaintiff.

KNOWLTON, J. There was evidence from which the court might have found that the plaintiff was employed by the defendant to sell a piece of real estate in Duxbury, that he sold it for $15,500, and that no agreement was made in reference to the price to be paid for his services. Under such circumstances he would be entitled to receive a reasonable compensation.

It is unnecessary to decide whether the testimony admitted under objection could properly be understood as meaning that the usage referred to was not only general, but universal, and that it had existed so long that the defendant at the time of employing the plaintiff must be presumed to have known it, and to have contracted in reference to it. There is strong ground for holding that the court might have so interpreted the testimony as to find the existence of a universal usage, known to the defendant, which was binding upon him. But the evidence

tended to show at least a general usage, and, whether the court found that the plaintiff was a real estate broker or not, the price generally paid in that vicinity for such services as he rendered was competent evidence of what the services were worth. *Vilas* v. *Downer*, 21 Vt. 419. *Stanton* v. *Embrey*, 93 U. S. 548. *Thompson* v. *Boyle*, 85 Penn. St. 477. *Eggleston* v. *Boardman*, 37 Mich. 14. *Ruckman* v. *Bergholz*, 9 Vroom, 531. Whether the plaintiff was or was not a professional real estate broker, the evidence in this view was competent, and was sufficient to warrant the finding. For if he was not a real estate broker, the court might or might not find, as matter of fact, that his services were worth as much as if he had been one. *Ruckman* v. *Bergholz, ubi supra.*                    *Exceptions overruled.*