## YAW v. WHITMORE et al.

(Supreme Court, Appellate Division, Fourth Department. November 12, 1901.)

NEW TRIAL—SETTING ASIDE VERDICT ON ASSESSMENT OF DAMAGES—POWER OF COURT.

    Where judgment absolute has been rendered against a defendant by the court of appeals on affirmance of an order granting a new trial, as required by Code Civ. Proc. § 194, and an assessment of damages has been made by a jury in the trial court under the further provision of said section that, after the judgment "has been remitted to the court below, an assessment of damages, or any other proceeding requisite to render the judgment effectual, may be had in the latter court," the trial court can entertain a motion to set aside the verdict.

Appeal from trial term, Monroe county.

Action by William Yaw against Valentine F. Whitmore and others. Defendants appeal from an order denying a motion to set aside a verdict on assessment of damages on the ground of want of power. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Joseph W. Taylor, for appellants.
C. C. Werner, for respondent.

WILLIAMS, J. The order appealed from should be reversed, and the matter sent back to the trial justice to entertain and determine the same on the merits, with $10 costs and disbursements. The action was brought to recover damages for personal injuries. On the last trial the court ordered a verdict for defendants. The appellate division set aside that verdict, and ordered a new trial. 61 N. Y. Supp. 731. The defendants gave the usual stipulation, and appealed to the court of appeals. 60 N. E. 1123. The court of appeals

affirmed the appellate division, and ordered judgment absolute for the plaintiff. Thereafter there was an assessment of damages in trial court before a jury, and a verdict rendered. Immediately upon the rendering of this verdict the defendants moved, upon the minutes, to set the same aside on the grounds that the damages were excessive, that the verdict was against the evidence, and that errors were committed on the trial; and asked the court to hear argument, and pass upon the merits of the motion. The court declined to do so, solely on the ground that the trial term had no power to entertain the motion, and that such motion must be made at special term. The papers printed in the record are the summons, pleadings, and stenographer's minutes, taken on the assessment of damages. No "case" and exceptions has been made. The order recites no papers as read upon the motion. It is simply stated that the motion was made "on the rendering of the verdict" upon the minutes.

The only question before us is whether the trial court had power to entertain the motion and determine it upon the merits. We cannot, in the absence of any "case" and exceptions or proof by affidavit as to what occurred on the trial, assume to determine the motion upon the merits, because we are not informed in any legal way as to what occurred upon the trial. We are therefore merely to pass upon the question of power, raised by the trial court. Section 194, Code Civ. Proc., provides, among other things:

"Upon an appeal from an order granting a new trial on a case or exceptions, if the court of appeals determines that no error was committed in granting the new trial, it must render judgment absolute upon the right of the appellant; and after its judgment has been remitted to the court below, an assessment of damages, or any other proceeding, requisite to render the judgment effectual, may be had in the latter court."

Section 1232 of the Code of Civil Procedure does not provide for an assessment of damages in the trial court, or for a review thereof, but only an assessment by a writ of inquiry out of court. Section 1215 does not provide for an assessment of damages in cases arising under section 194, but only in cases of default in answering or demurring under section 1214. There seems to be no special provision made in the Code of Civil Procedure as to the practice on the assessment of damages in cases arising under section 194. It has been held that in cases of assessment of damages, both on default and under section 194, no review can be had in the court of appeals, because no questions of law are involved, but only questions of fact, and as to the facts a review may be had in the appellate division. Bossout v. Railroad Co., 131 N. Y. 37, 29 N. E. 753; Bassett v. French, 155 N. Y. 46, 49 N. E. 325. In Bossout v. Railroad Co. there was quite an extended consideration of the practice in cases of assessment of damages under section 194 of the Code of Civil Procedure. The question arose upon a motion to dismiss the appeal to the court of appeals. The assessment was in open court before a jury, and on the rendering of the verdict the defendant moved on the judge's minutes for a new trial on the ground that the damages were excessive, that the verdict was unsupported by the evidence and contrary to law, and upon all the exceptions taken on the trial.

The court denied the motion, and the defendant excepted. Judgment was entered, and the defendant appealed from such judgment and the order denying motion for a new trial to the general term, where both the judgment and order were affirmed, and then the appeal was taken to the court of appeals. The motion to dismiss in the court of appeals was granted. The court, in its opinion, stated that "the practice in a proceeding to assess damages in such cases is not specially laid down in the Code," and, among other things, said:

"The result of our examination is to show that the proceeding for the assessment of damages in order to render the judgment absolute effectual, as provided for in the Code, is one which is not like the trial of an action at circuit, and the rules for reviewing the trial of an action do not prevail in regard to this proceeding. There is no provision for making a case and exceptions, or for a motion for a new trial, on the judge's minutes. After the completion of the trial, a motion may be made to set aside the inquisition; but the motion will not be granted upon the same grounds as a new trial would be, for the mere admission of improper evidence. It is a motion addressed largely to the discretion of the court in which the proceeding takes place, and, when refused as not tending to the ends of justice, a judgment entered upon the inquisition does not become one which is reviewable by the court upon legal grounds. There would seem to be no doubt that under the well-established rule an appeal might be taken from the order of the special term refusing the motion to set aside the inquisition to the general term of the court, as the judicial discretion exercised by the court in granting or refusing the motion is not confined to the special term. But we do not see that any provision is made for an appeal to this court from the order or judgment of the general term in such a proceeding," etc.

This language by the court of appeals should not be misunderstood. Several things appear therefrom, which should be noted: (1) The practice in assessment of damages under section 194 of the Code of Civil Procedure, and the review thereof, is not specifically provided for in the Code itself. (2) While there is no provision for an ordinary "case" and exceptions, or for the ordinary motion for a new trial upon the judge's minutes, still a motion may be made, after the verdict is rendered, to set aside the inquisition or verdict. (3) The grounds of such motion are not the ordinary legal ones involved in motions made after the trial of the issues in a case, but such motion is addressed largely to the discretion of the court, to the end that substantial justice may be done. (4) An appeal may be taken from the order made on such motion to the appellate division, which has a supervision over the special term in the granting or denying of such motion. But no appeal lies to the court of appeals from its decision in the matter. (5) There is no provision of the Code, nor has the court of appeals indicated any opinion, as to when, or where, or upon what papers the motion should be made to set aside the verdict or inquisition of the jury; and the practice is, in this respect, open to the consideration and determination of this court. The trial judge, in refusing to entertain the motion, put his decision upon the ground that the same could not be heard at the trial term, but must be made at special term. In this the judge was clearly in error. There was a special term for motions being held with the trial term, and the motion could be heard therein, as

well as at a special term to be held at some later time, separate and
apart from a trial term. Very likely what the trial judge meant
was that it could not be made, like an ordinary motion for a new
trial, upon the judge's minutes, but must be made upon papers of
some kind showing what had occurred upon the assessment; and
this is the really important consideration. In Bossout v. Railroad
Co. the practice was adopted, and, so far as we know, this has been
the usual practice,—making the motion on the rendering of the ver-
dict upon the minutes of the court, and then, if an appeal is desir-
able, a "case" and exceptions to be made and settled. This is cer-
tainly the better procedure, and we are aware of no legal objection
to it. There is no reason why the motion should not be made at
trial term immediately after the verdict is rendered, but every rea-
son why it should be so made before the judge who presided at the
hearing, and immediately after the close of the hearing, when the
whole matter is fresh in his mind. And why may it not be made
upon the minutes of the court, with the understanding that in case
of an appeal the minutes shall be made certain by the settlement
of what may be called a "case" and exceptions? There is no provi-
sion for such a "case" and exceptions in the Code, very likely; but
the whole procedure here is entirely unprovided for by the Code,
and the court is left to establish the procedure itself. Certainly the
motion could be made upon the stenographer's minutes, sworn or
certified to be correct. They are the minutes of the court. The
settling of a "case" and exceptions merely enables both parties and
the court to correct any mistakes, and makes the minutes certain,
and perhaps limits the extent thereof so that they shall not be too
voluminous.

In this case there was no objection made that a notice of motion
had not been served with a copy of the papers on which the motion
was to be heard. We may assume, therefore, that the motion was
properly made, without a formal notice. There was no objection
that there were no papers served upon which the motion could be
heard. It was offered to be made and heard on the minutes of the
court. The minutes were kept by the stenographer, and were sub-
ject to correction by the court. The objection to considering the
motion was not based upon the claim that the minutes were not
or could not be made certain. We think the court had power to
hear the motion, and that it was error to refuse to hear and deter-
mine it on the ground of want of power.

The order appealed from should therefore be reversed, and the
matter sent back to be heard and determined at a special term to
be held by the judge who presided on the assessment of damages;
the hearing to be upon the pleadings, and the minutes of the court,
evidenced by the stenographer's minutes, proved or certified or made
and settled in the form of a "case" and exceptions, as the counsel
shall agree. Ten dollars costs and printing disbursements allowed
to appellants, to be deducted from final recovery by the respondent
in the action. All concur.