(41 Misc. Rep. 129.)

BATES v. HOLBROOK et al.

(Supreme Court, Special Term, New York County. June, 1903.)

1. APPEAL—REFERENCE—REVIEW—CASE AND EXCEPTIONS.

General practice rule 30 provides that, in references other than for the trial of issues in an action, the testimony of the witnesses shall be signed by them, and the report of the referee shall be filed with the testimony, and said report shall become absolute, and stand as in all things confirmed, unless exceptions thereto are filed and served within eight days after service of notice of the filing of the same, and, if such exceptions are served and filed, the same may be brought to a hearing at special term on notice. *Held*, that the report of a referee appointed, under an order entered on a remittitur from the Court of Appeals, to assess damages to which that court, by its final judgment, held the plaintiff was entitled, could be reviewed only in compliance with such rule, and not on a case and exceptions.

2. SAME—SERVICE OF CASE.

Where defendants have filed exceptions to a referee's report, they are only entitled to serve a case where such exceptions are overruled, the report is confirmed, and the defendants appeal from the order of confirmation.

Action by Benjamin L. M. Bates against Frederick Holbrook and others. Motion by defendants to be allowed to make a case and exceptions, and for a stay of proceedings. Motion denied.

See 73 N. Y. Supp. 417.

James A. Dunn (Frank E. Smith, of counsel), for the motion.
John Delahunty, opposed.

GIEGERICH, J. The Court of Appeals decided that the plaintiff was entitled to final judgment, and that the damages should be assessed. An order was entered in this court on the remittitur, appointing a referee to assess the damages. The latter made his report, assessing plaintiff's damages; and, before the time to except thereto expired, the defendants moved for leave to make and serve a case and exceptions, and for a stay until the making and settlement of such case, and the making and decision of such motion to set aside said report. I think the defendants have mistaken their remedy. As seen, the issues have already been decided by the Court of Appeals, and the reference was not to hear and determine the issues in the case, but "to take proof of the plaintiff's damages, and report to this court in regard thereto with all convenient speed." In Bossout v. R., W. & O. R. Co., 131 N. Y. 37, 29 N. E. 753, the damages were assessed by a jury, and the defendant sought to have its determination reversed by the Court of Appeals. In dismissing the appeal the latter court said (page 41, 131 N. Y., and page 754, 29 N. E.), "There is no provision for making a case and exceptions, or for a motion for a new trial on the judge's minutes." Since no case is to be made, the practice here is governed by rule 30 of the general rules of practice, which provides as follows:

"In references other than for the trial of the issues in an action, or for computing the amount due in foreclosure cases, the testimony of the witnesses shall be signed by them, and the report of the referee shall be filed with the testimony, and a note of the day of the filing shall be entered by the

clerk in the proper book, under the title of the cause or proceeding, and the said report shall become absolute, and stand as in all things confirmed, unless exceptions thereto are filed and served within eight days after service of notice of the filing of the same. If exceptions are. filed and served within such time, the same may be brought to a hearing at any Special Term thereafter, on the notice of any party interested therein."

Therefore, if the defendants are dissatisfied with the report of the referee, they must, within the time above specified, after the service on them of a notice of the filing of the report, file exceptions thereto; and upon the filing and service of such exceptions the plaintiff may bring them to a hearing at any Special Term on notice, and move that the exceptions be overruled and the report confirmed. If such motion is granted, then the defendants may appeal from the order of confirmation, and only in that event may the appeal be brought on upon a case made and served, but not otherwise. Yaw v. Whitmore, 66 App. Div. 317, 72 N. Y. Supp. 765; Lewin v. Lehigh Valley R. Co., 66 App. Div. 410, 72 N. Y. Supp. 881. The practice adopted in the two last cited cases, however, has no application until such appeal from the order confirming the report is taken. In both these cases the damages were assessed by a jury. Neither do I think that rule 31 of the general rules of practice nor the other cases cited by the defendants apply. The motion is therefore denied, but, in view of the apparent novelty of the questions presented, costs should not be imposed. The defendants should have an opportunity to file and serve exceptions to the referee's report, and the order to be entered hereon should contain a provision therefor.

Motion denied. No costs.