# EDWIN STEVENS and Another v. WISCONSIN FARM LAND COMPANY and Others.[1]

January 30, 1914.

Nos. 18,339—(209).

**Broker — action for services — evidence of value.**

1. In an action by an agent to recover the reasonable value of services rendered in effecting an exchange of property, evidence of the value of the property received by the principal is proper.

**Custom — evidence of customary charge.**

2. Evidence of customary charge of brokers in similar cases is proper, but in order that a customary charge may be decisive of the amount of recovery, a custom must be established so definite, uniform, and well understood that it may be assumed the parties contracted with reference to it, and in effect made it a part of their contract.

**Undisclosed principal — plaintiff can elect to hold principal or agent, not both.**

3. If an agent contracts in his own name without disclosing his principal, the other contracting party is entitled to hold either, but not both. If he sue both, however, the only remedy of defendants is by motion to compel him to elect. They cannot move a dismissal as to either. The option as to which shall be held rests with plaintiff, not with defendants.

**Excessive damages — new trial — option to accept reduction of verdict.**

4. Where error in the case bears only on the question of the amount of damages, a new trial may be granted upon that issue alone. Where defendant's testimony admits a certain amount, plaintiff may be given the option of accepting that amount in preference to taking a new trial.

[1] Reported in 145 N. W. 173.

---

Note.—On the question of the right to join agent and undisclosed principal as defendants in same action, see note in 26 L.R.A.(N.S.) 742. And for action against agent as bar to one against principal undisclosed when first action begun, see note in 6 L.R.A.(N.S.) 729. And as to commencing action or taking judgment against either an undisclosed principal or his agent as a bar to a subsequent action against the other, see note in 21 L.R.A.(N.S.) 786.

Action in the district court for Ramsey county to recover $15,000 for services as real estate brokers in effecting an exchange of property belonging to defendants. The facts are stated in the opinion. The case was tried before Catlin, J., who at the close of plaintiff's testimony dismissed the action as to the Boynton & Holway Land Co. and denied a motion to dismiss as to the other defendants other than the Wisconsin Farm Land Co., and denied defendants' separate motions for directed verdicts as to defendants Boynton and Holway individually and Boynton & Holway as a partnership, and a jury which returned a verdict for $8,000 in favor of plaintiff. From an order denying their motion for a new trial, defendants appealed. New trial granted on the question of damages only, unless plaintiffs consent to a reduction of the verdict to $5,000.

*Briggs, Thygeson & Everall* and *Homer C. Clark*, for appellants.
*W. E. Barnacle*, for respondents.

HALLAM, J.

Defendant Wisconsin Farm Land Co. exchanged certain land in Wisconsin for the Aberdeen hotel in St. Paul. Plaintiffs claim that they were employed by defendants Boynton and Holway to make this exchange, and that they procured it to be made. They sue for the reasonable value of their services. Defendants concede their right to compensation, but claim a special agreement by which it was agreed that plaintiffs should receive for their services a percentage of the proceeds of the Aberdeen hotel when it should be resold. The jury found against this contention and returned a verdict in favor of the plaintiffs, fixing the value of their services at $8,000.

1. At the trial defendants sought to prove the value of the Aberdeen hotel property, as well as its size, character and general condition. Objections to such evidence were sustained. The court ruled that the value of the property taken in exchange was not a factor to be considered in determining the value of plaintiffs' services, and on this theory submitted the case to the jury.

The rulings of the court were erroneous. The question at issue was the reasonable value of the services of brokers in effecting an exchange of property. Any evidence which would throw light on the

value of the services was admissible. The time spent, the money expended, the amount involved, the results achieved, and customary. charges for similar services, were all proper elements to be considered. Mechem, Agency, § 606; Clark & Skiles, Agency, § 353; Forsyth v. Doolittle, 120 U. S. 73, 7 Sup. Ct. 408, 30 L. ed. 586. In determining the value of the services of an agent, we cannot wholly ignore the benefit of those services to the principal. This is perhaps the most important of the several elements of value. The authorities sustain this position.

In Forsyth v. Doolittle, 120 U. S. 73, 7 Sup. Ct. 408, 30 L. ed. 586, an action to recover the value of services rendered by an at-. torney at law in effecting a sale of lands and in various legal proceedings concerning the title thereto, it was held that evidence as to the character of the land sold and its possible value as a suburb of a city was proper. The most important part of the service was that rendered in negotiations, and it was said that "the compensation to be made in such cases is, by the ordinary judgment of business men, measured by the results obtained."

On similar principles it is generally held that, in computing the value of an attorney's services, the importance of the case to the client, the result achieved, and the value of the services to the client, may be considered. Selover v. Bryant, 54 Minn. 434, 56 N. W. 58, 21 L.R.A. 418, 40 Am. St. 349.

2. The theory on which the trial court tried the case was that the reasonable value of plaintiffs' services is to be determined solely by a consideration of the amount usually and customarily paid to and received by other real estate brokers in the same locality for like services. Evidence of customary charges of brokers in similar cases is properly received. Ordinarily such evidence is simply an aid to the jury in arriving at the reasonable value of the services. Baker v. Barker, 118 Minn. 419, 137 N. W. 7; Ruckman v. Bergholz, 38 N. J. L. 531; Hess v. Hayes, 146 Iowa, 620, 125 N. W. 671. It is true the existence of a custom may be decisive of the amount to be paid. If there exist a business custom, definite, uniform, well-established and understood by the parties, and, if it is. reasonable and lawful and not in contradiction of the express terms of the contract,

it may be assumed that the parties contracted with reference to it, and in effect made it a part of their contract. Potts v. Aechteracht, 93 Pa. St. 138; Kock v. Emmerling, 22 How. (U. S.) 69, 16 L. ed. 292; Hollis v. Weston, 156 Mass. 357, 31 N. E. 483; Walls v. Bailey, 49 N. Y. 464, 469, 10 Am. Rep. 407; Walker v. Barron, 6 Minn. 353 (508); St. Anthony Falls W. P. Co. v. Eastman, 20 Minn. 249 (277); Paine v. Smith, 33 Minn. 495, 24 N. W. 305; Clarke v. Hall & D. L. Co. 41 Minn. 105, 42 N. W. 785. The trouble is there is no evidence in this case of any definite or uniform custom establishing compensation of brokers upon exchange of properties. Plaintiffs' witnesses gave evidence of value, but it was not based on custom, but on the reasonableness of the charge. Their evidence was that commissions were paid ranging from thirty cents to five dollars per acre. Some of them said the size of the tract and the value of the land makes some difference. Plaintiff Lightbody based his testimony as to value on the circumstances of this case, including the result accomplished. Some of defendants' witnesses fixed the value at a lump sum. Others fixed it on a basis of varying sums per acre. Others fixed it on a basis of percentage of the actual value of the land. Most of them testified that the value of the property received in exchange affects the amount of the agent's charge. Clearly no custom was established by the witnesses on either side which in any sense entered into the contract of the parties.

3. Defendants contend that the evidence does not sustain a verdict against both the Land Co. and Boynton and Holway, on the ground that the Land Co. was the principal in the transaction and Boynton and Holway only its agents. The evidence on behalf of plaintiffs is that they contracted with Boynton and Holway, knowing nothing of the interest of the Land Co. If an agent contracts in his own name without disclosing his principal, the other contracting party, on discovering the facts, may hold either agent or principal. He is not entitled to hold both. If he sue both he may be compelled to elect between them. Gay v. Kelley, 109 Minn. 101, 123 N. W. 295, 26 L.R.A.(N.S.) 742. This right to compel an election is defendants' only remedy. There was no request made at any stage of this case

that plaintiffs be required to elect. Defendants moved for a directed verdict in favor of the defendants Boynton and Holway. The court properly denied this motion. It was not for the defendants to say which one of them plaintiff should pursue. The option was with plaintiff. The court could not dismiss the cause as to either. There is no error on this branch of the case. See Dean v. Leonard, 9 Minn. 176 (190); Marsh v. Webber, 13 Minn. 99 (109); Hewitt v. Brown, 21 Minn. 163.

4. The error in the case bears only upon the question of the amount of damages. The question of liability of defendants to pay a commission of some amount was fairly presented by the evidence and fairly submitted to the jury by the charge of the court. We see no reason for a new trial upon this issue. We accordingly grant a new trial of the issue of the amount of damages only. This practice is well recognized. Sauer v. Traeger, 56 Minn. 364, 57 N. W. 933; McKay v. N. E. Dredging Co. 92 Me. 454, 43 Atl. 29; Yaw v. Whitmore, 66 App. Div. 317, 72 N. Y. Supp. 765; Pickett v. Wilmington & W. R. Co. 117 N. C. 616, 23 S. E. 264, 30 L.R.A. 257, 53 Am. St. 611.

Inasmuch as the testimony on behalf of defendants admits a value of plaintiffs' services at $5,000, we give the plaintiffs the option of accepting that amount, if they choose to do so, in preference to taking a new trial.

New trial granted, on the question of damages only, unless plaintiffs shall, within 20 days after remittitur, file with the clerk of the district court a written consent to a reduction of the verdict to $5,000. In such case the judgment may be entered for such amount, with interest.