Ronald **ENGELSTAD** and Richard
Engelstad, d/b/a Engelstad
Brothers, Respondents,

v.

**CARGILL, INC., Appellant.**

**No. CO–82–1394.**

Supreme Court of Minnesota.

July 15, 1983.

Lowe, Schmidthuber & Lindell and Robert L. Lowe, Minneapolis, for appellant.

Yon & Moren and Chester A. Yon, Roseau, for respondents.

WAHL, Justice.

Cargill, Inc. (Cargill) appeals from the summary judgment entered against it in this case. We affirm.

The Engelstad brothers, commercial farmers in Marshall County, sued Cargill and the Warren Grain & Seed Company (Warren) for nonpayment of $56,000 on grain purchase contracts entered into between Warren and the Engelstads. Meanwhile, 86 other farmers joined to sue Warren and Cargill for nonpayment of similar contracts. In that case, a jury found that Cargill was Warren's principal with regard to the contracts, and the judgment was affirmed on appeal to this court. *A. Gay Jenson Farms Co. v. Cargill, Inc.,* 309 N.W.2d 285 (Minn.1981).

In opposition to the Engelstads' motion for summary judgment, Cargill claimed that facts in this case precluded the application of collateral estoppel based on *Jenson Farms.* It also claimed that a confession of judgment filed by Warren and docketed by the clerk of court precluded the Engelstads from pursuing a judgment against Cargill. The trial court rejected both contentions. It concluded that Cargill was collaterally estopped from denying that it was Warren's principal and that, because the Engelstads did not know of and had not recovered on the judgment against Warren, judgment against Cargill could also be obtained.

A fact lacking in *Jenson Farms* and relied on here by Cargill is that, in this case, officers of Warren personally guaranteed the grain purchase contracts. Cargill claims that the guarantees distinguish this case from *Jenson Farms* and prevent the application of collateral estoppel. It cites no authority to support its claim that the guarantees changed the nature of the relationship between Warren and Cargill.

The guarantee of a third person on a contract entered into by an agent for its principal is irrelevant under these circumstances. It creates a separate liability of the guarantors to the creditors but has no effect on the principal-agent relationship.

Cargill next contends that Warren's confession of judgment, filed and docketed, precluded the Engelstads from pursuing a judgment against it under the rule in Restatement (Second) of Agency § 210 (1958). That rule discharges an undisclosed principal where the creditor first obtains judgment against the agent for breach of contract. We have adopted that rule but have not recently applied it. *Stevens v. Wisconsin Farm Land Co.,* 124 Minn. 421, 145 N.W. 173 (1914); *Gay v. Kelley,* 109 Minn. 101, 123 N.W. 295 (1909).

The court below declined to apply section 210, relying in part on the exception that permits judgment against the principal where judgment against the agent was entered without the knowledge or consent of the creditor. 50 C.J.S. Judgments § 629 (1947). Cargill argues that whether the Engelstads knew of and/or solicited the Warren confession of judgment is a fact in dispute which precluded the entry of summary judgment. We do not reach this contention, because we reject the rule of section 210 and overrule *Stevens* and *Gay* to the extent that they hold otherwise.

The rationale behind section 210 is apparently based on the notion that, as the creditor has been given an added advantage in the ability to sue either the agent or the undisclosed principal, it is not unjust to require the creditor to elect between them at the time of trial. *Tabloid Lithographers, Inc. v. Israel,* 87 N.J.Super. 358, 365, 209 A.2d 364, 368–69 (1965).

Several courts and commentators, however, have rejected the election requirement in favor of a rule permitting judgment against both but satisfaction of judgment against only one. *See, e.g., Grinder v. Bryans Road Building & Supply Co.,* 290 Md. 687, 432 A.2d 453 (1981); *Beymer v.*

*Bonsall,* 79 Pa. 298, 300 (1875); Fernson, *Undisclosed Principals,* 22 U.Cin.L.Rev. 131, 142–44 (1953). Other courts, including ours, have grafted exceptions to the rule to avoid its harsh result. For example, in *Stevens v. Wisconsin Farm Land Co.,* 124 Minn. 421, 145 N.W. 173, we permitted a judgment against both principal and agent because the defendant had made no demand that the creditor elect one of the two. *Accord, Luce v. Sutton,* 115 Cal.App.2d 428, 434, 252 P.2d 352, 355–56 (1953); *Hoyt v. Horst,* 105 N.H. 380, 388, 201 A.2d 118, 123 (1964).

We see no reasonable basis for a rule that discharges an otherwise liable principal merely because a judgment has been docketed against the principal's agent. Election requires knowledge of the defendant's assets which may not be available to the creditor at the pre-trial stage. Similarly, interlocutory judgments against the agent through default or summary judgment can work an inequitable result if the creditor is left holding one uncollectable judgment while the principal is exonerated. *Grinder v. Bryans Road Building & Supply Co.,* 290 Md. at 707, 432 A.2d at 464. The better rule of law, which we hereby adopt, is that a creditor may proceed to judgment against both a principal and its agent but is limited to satisfaction of one of the two judgments.

Affirmed.