Argued and submitted April 4, affirmed July 2, 1986

CARTER,
*Respondent,*

*v.*

FORSTROM,
*Defendant,*

*and*

RUNE,
*Appellant.*

(CC82-742; CA A35245)

722 P2d 23

214

F. Gordon Allen, Portland, argued the cause for appellant. With him on the briefs were Fred L. Kopatich and Allen, Kilmer, Schrader, Yazbeck & Chenoweth, P.C., Portland.

William H. Walters, Portland, argued the cause for respondent. On the brief were William B. Crow, James N. Westwood, Jeffrey B. Millner and Miller, Nash, Wiener, Hager & Carlsen, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Defendant Rune appeals from a judgment entered against him in this breach of contract case. On April 11, 1981, plaintiff agreed in writing to sell all the stock of his business, Coast Title, to defendant Forstrom. Plaintiff commenced this action against Forstrom alone in September, 1982. Plaintiff filed an amended complaint in January, 1984, adding Rune as defendant, and alleging that Forstrom was Rune's agent in entering the contract and that Rune materially aided and participated in entering and breaching the agreement. Forstrom confessed judgment in July, 1984. After a trial to the court on plaintiff's second amended complaint, filed in August, 1984, the court entered a judgment for him on his first claim for breach of contract.[1] Rune appeals, assigning error to the denial of his motion to dismiss under ORCP 54B(2), made on several grounds, and to the denial of his prayer for rescission.[2]

■ We deal at the outset with Rune's claim that the action against him should have been dismissed because plaintiff first obtained a judgment against Forstrom. Rune argues that we should adopt the rule of Restatement (Second) Agency, § 210(1) (1958), which provides:

> "An undisclosed principal is discharged from liability upon a contract if, with knowledge of the identity of the principal, the other party recovers judgment against the agent who made the contract, for breach of the contract."

Oregon has not adopted that rule, and the rule has been widely criticized. *See, e.g., Engelstad v. Cargill, Inc.,* 336 NW2d 284, 286 (Minn 1983). The rule is subject to many exceptions, and the Restatement drafters appear to be abandoning it. *See* Restatement (Second) Judgments, § 49, *comment c* (1982). We do not need to decide in this case if Oregon should adopt the rule, because the evidence is undisputed that both Forstrom and Rune acquired interests in Coast Title and that they were

---

[1] Plaintiff did not succeed against Rune on his second claim for intentional interference with contractual and business relations. Plaintiff raises no issue on appeal with respect to this claim.

[2] Rune raises each argument under a pair of assignments of error, one relating to the denial of his motion for judgment of dismissal and the other to the entry of judgment for plaintiff. Because each pair raises the same legal issue and contests the denial of judgment for defendant, we shall discuss each pair as one assignment.

co-owners of the business. Forstrom and Rune, therefore, were, in fact, partners in the enterprise. ORS 68.110. Although only Forstrom signed the contract, he was acting as agent for the partnership. ORS 68.210. When partners are co-defendants in an action, their liability is joint and several, and plaintiff's obtaining a judgment against a partner who acts as agent for the partnership does not preclude his later obtaining a judgment against another partner. ORS 68.250, ORS 68.270. Forstrom's confession of judgment did not preclude a judgment against Rune.

Rune next argues that he was entitled to judgment because the contract (which he drafted) was too indefinite to be enforced. The contract specified three elements as the purchase price for the sale of stock. The first two were $5,311.92 in cash and a promissory note for $12,860.76. The third was:

> "The refinancing of a note, at United States National Bank in the principal amount of forty-two thousand, eight hundred and fifty-two and 32/100 dollars ($42,852.32) which the corporation is the principal maker and Finis Carter is the guarantor thereon. Seller agrees to personally cosign the refinanced note."

Rune contends that that provision is silent as to where the note is to be refinanced and that, because a dispute arose as to the parties' obligations in this respect, the contract is too indefinite to be enforced. Plaintiff argues that the contract clearly requires the note to be refinanced at the bank where it was held. The trial court found the provision ambiguous, but not so indefinite that it was unenforceable, and construed it to provide that defendants were obligated to refinance the note at the United States National Bank in McMinnville.

A contract is unenforceable if it " 'is so indefinite as to make it impossible for the court to decide just what it means, and fix exactly the legal liability of the parties * * *.' " *Bonnevier et ux v. Dairy Coop. Ass'n,* 227 Or 123, 132, 361 P2d 262 (1961), *quoting Gaines v. Vandecar,* 59 Or 187, 193, 115 P 721, 115 P 1122 (1911). Although the provision in issue is ambiguous, it is not so indefinite as to render the contract unenforceable. The trial court properly considered parol evidence to resolve the ambiguity, and Rune does not claim that the court's conclusion about the meaning of the provision is

unsupported by substantial evidence. The trial court did not err in denying defendant's motion for judgment made on this ground.

Rune next argues that the trial court erred in denying his motion for judgment on plaintiff's claim for breach of contract made on the ground that plaintiff frustrated his attempt to comply with the contract. Plaintiff claimed that Rune breached the contract provision set forth above requiring defendants to refinance the $42,852.32 note. The testimony showed that defendants sought to refinance the note at the bank in McMinnville (plaintiff's bank), but the bank required Forstrom to pledge his home as collateral, in addition to plaintiff's cosigning the note as he had agreed to do in the contract. Defendants sought to obtain a loan from other banks and asked plaintiff to present his financial statement to the other banks. Plaintiff refused to give his financial statement to any bank other than his own. Rune argues that plaintiff was obligated to assist defendants in refinancing the note, as part of his contractual obligation to cosign the note, and that he breached this obligation by refusing to cooperate. Rune claims that his and Forstrom's inability to refinance the note was due to plaintiff's failure to cooperate and that plaintiff should not be allowed to recover for breach of contract because he frustrated Rune's attempt to perform.

As stated above, the trial court found as a fact that the contract required defendants to refinance the note at plaintiff's bank. Rune does not claim that that finding is unsupported; therefore, we are bound by it. Because plaintiff agreed to cosign a note only at his bank, he had no obligation to provide a financial statement to other banks and did not breach the contract by refusing to do so. The trial court did not err in denying defendant's motion.

Rune's next argument is that the trial court erred in denying his motion for judgment on plaintiff's claim for breach of contract made on the ground that plaintiff failed to prove that he had substantially performed his own contractual obligations. He alleges that plaintiff breached the contract in three respects. One of them was plaintiff's failure to provide financial information to banks other than his own, which we have already decided he was not obligated to do.

■     The two other alleged breaches are of express warranties contained in the contract. The first warranty at issue is that, at the time of closing, there were no outstanding, undisclosed claims on the corporation's stock, property or assets. The testimony is consistent that plaintiff had given an employe, Corning, an option to purchase Coast Title and that the option was still outstanding when plaintiff executed the contract with Forstrom. Defendants learned of the option at a meeting with plaintiff held within two weeks of Forstrom's signing the contract. Plaintiff testified that he had simply forgotten about the option when he made the contract. Approximately one week after the meeting at which the parties first discussed the existence of this option, plaintiff offered to rescind the contract. Following Rune's advice, Forstrom declined the offer. Corning filed an action against plaintiff for breach of the option contract; that action was later settled.

Although plaintiff's not disclosing the Corning option may have been a technical breach of his warranty, the trial court did not err in denying Rune judgment on that ground. First, the trial court may have decided that Rune waived the breach of contract by declining plaintiff's offer to rescind the contract when the option was discovered. Second, the evidence was conflicting as to whether Rune suffered any damage as a result of the existence of the undisclosed option. Corning sued plaintiff, not defendants, and the intrusion, if any, which the existence of the option had on the operation of Coast Title was minimal. In view of this evidence, the trial court could properly have concluded that plaintiff's breach was either waived by defendants or was not material. In addition, the trial court could have decided, as discussed below, that dismissal of plaintiff's claim was not a proper remedy for the breach.

■ ■     The other breach which Rune alleged was plaintiff's failure to disclose the existence of two $1,000 promissory notes, which were obligations of Coast Title. Plaintiff represented and warranted that the only debts of the company were the $42,852.32 note and open accounts. The evidence is undisputed that the other notes were outstanding when the contract was executed. The notes were payable to Northwest Title, which plaintiff also owned. Northwest Title sued Coast Title on the notes in mid-1982. The evidence is undisputed

that both defendants knew about the notes when the contract was executed. Assuming that plaintiff breached his warranties in the two respects claimed, the remedies for the breaches, if they are material, are rescission or damages or, if they are not material, damages only. Plaintiff's breaches are not a complete defense to his action for breach of contract and the trial court properly denied the motion to dismiss.

■ Rune next argues that the trial court erred in failing to dismiss plaintiff's claim because of the failure of certain conditions precedent to defendants' obligations under the contract. The trial court, without making any specific findings, generally resolved this contention in plaintiff's favor. The trial court could properly have found under the evidence that defendants, with knowledge of the failure of these conditions, continued to perform the contract and, therefore, waived the conditions. The trial court did not err.

■ Rune's final assignments of error are directed to the trial court's failure to rescind the contract on the basis of alleged breaches by plaintiff. As we have stated above, all of the breaches of which Rune complains were known to him for a substantial period of time before plaintiff commenced this action. Defendants continued to perform under the contract. Rune did not ask for rescission until after this litigation was commenced and, in fact, told Forstrom to reject plaintiff's offer to rescind made after discovery of the Corning option. That conduct is inconsistent with an intent to rescind. *Porras v. Bass,* 63 Or App 832, 836, 665 P2d 1249, *rev den* 295 Or 840 (1983). The trial court did not err in denying rescission.

Affirmed.