JAMES F. LANSING, PLAINTIFF IN ERROR, v. P. P. JOHNSON, DEFENDANT IN ERROR.

Verdict Sustained.   The verdict of the jury being consistent with the instructions of the court and the evidence, the judgment thereon will be affirmed, there being no error in the instructions.

ERROR to the district court of Lancaster county.   Tried below before POUND, J.

*Sawyer & Snell,* for plaintiff in error.

*Marquett, Deweese & Hall,* for defendant in error.

REESE, J.

This action was for the recovery of $575 alleged to be due plaintiff in error from defendant in error as commission due for services as a real estate agent, in negotiating the exchange of certain real property.   The jury returned a verdict for the sum of two hundred dollars, for which judgment was rendered.   Plaintiff in error not being satisfied with the amount of his recovery moved for a new trial, and upon his motion being overruled by the district court he alleges error and brings the case into this court for review.

The principal question in the case is, whether plaintiff in error was entitled to recover the usual commission fee charged by real estate agents, or whether his recovery

should be limited to what his services were worth. An instruction was asked by plaintiff in error that if the jury found for him they should allow the full customary and usual commissions charged for making such sales, where there was no agreement as to the amount to be paid. The instruction asked was refused, but an instruction was given as follows:

" If you find for the plaintiff then he is entitled to recover such sum as you believe, from the evidence, his services were reasonably worth according to the usual and customary mode of charging for such services among real estate agents at the time and place such services were rendered, together with interest on such sum at the rate of seven per cent per annum from the time the same was done."

As applied to the case at bar we can not see but that this instruction was correct. And, indeed, it seems to be in accord with the views of plaintiff in error. The jury are told to allow the reasonable worth, according to usual and customary charges for such services among real estate agents. In other words the jury were directed to consider such custom in arriving at the worth of the services. This was correct. 2 Sutherland on Damages, 451. *Ham v. Goodrich*, 37 N. H., 185.

But it is insisted that, conceding the instruction to be correct, the verdict is contrary to the weight of evidence as well as contrary to the instruction of the court.

Were defendant in error the complaining party it might with some show of reason be contended that the verdict was against the weight of evidence, yet as the testimony was conflicting there was sufficient perhaps to sustain it, but we can see no just ground for complaint on the part of plaintiff in error. The services rendered, even if under employment, were comparatively light, and sustained a small proportion to the whole of the labor in perfecting the trade. The jury might, and perhaps did, conclude that,

upon the basis of commissions usually charged, plaintiff had not rendered a service which would entitle him to more than the amount given.    Substantially all that plaintiff could do in the matter of making the exchange of the property traded was to bring the parties together, or rather inform them of the existence of each other.    But it is clearly shown that this was done by another agent before the alleged employment of plaintiff.

Upon the whole case we think plaintiff has no just ground for complaint, and that the verdict and judgment are fully as liberal as he could be entitled to in any view of the case.

The judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.