## VALENTINE GRAVES *vs.* CHARLES H. DILL, 2D.

Suffolk.   March 9, 1893. — May 17, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Option to purchase Property — Contract — Agency — Quantum Meruit — Evidence for the Jury — Request for Ruling — Broker's. Compensation.*

If A. has an option to purchase property, and agrees with B. to give him the benefit of it for a certain sum, and further agrees to assist B. in procuring a deed from the owner, and B. agrees to give A. the said sum on obtaining the deed, the agreement constitutes a valid contract, and on receiving the deed from the owner, B. is bound to pay A. the sum agreed upon; but in procuring from the owner the agreement to sell, A. must have acted for himself, and not as the agent of B. or as a broker for the owner.

A request for a ruling that the plaintiff could not recover more than a *quantum meruit* for his services as broker, if entitled to recover anything, was *held* rightly refused, as it assumed that the plaintiff had been acting as a broker, while the question whether he had been so acting or not was in issue, and as it disregarded the plaintiff's claim that there was a special agreement between the defendant and himself, of which there was evidence for the jury.

A request for a ruling on a count on a *quantum meruit* was in substance that what the plaintiff would be entitled to recover was the usual broker's commission, as stated in the evidence.   The judge instructed the jury that the plaintiff was "entitled to recover reasonable compensation," and that that was "the usual fair market value for the services" rendered, the judge observing that, if the plaintiff acted as broker, "the fair, ordinary commission which brokers charge is regarded as a fair compensation for what he should receive." *Held*, that the ruling was right.

CONTRACT.   The first count was on an account annexed for $1500, for services in negotiating the purchase of real estate, No. 234 State Street, Boston, and commissions as per agreement.   The second count alleged that "the defendant promised and agreed with the plaintiff, that if the plaintiff would negotiate and secure as broker for him the sale to him of the premises No. 234 State Street, Boston, from the owner thereof at a price and upon the terms stated by the defendant, defendant would pay to him, plaintiff, the sum of fifteen hundred dollars ($1500) therefor; and the plaintiff did negotiate and secure for the defendant the sale of said premises, and the defendant received a conveyance of the same in due form from the owner thereof, and the defendant owes the plaintiff the sum of fifteen

hundred dollars ($1500) for said services as per agreement."
There was also an amended count on a *quantum meruit*. The
answer was a general denial. It also set up false and fraudu-
lent representations, and alleged that the agreement, if any,
was against public policy and void.

At the trial in the Superior Court, before *Hammond*, J., the
plaintiff testified that, having sold as a broker for the owner to
the defendant an estate on State Street, Boston, he endeavored
to get the adjoining property, and promised to let the defend-
ant know if it came into his, the plaintiff's hands; that having
ascertained, after much difficulty, that one Whitmore was the
agent of the owner, he wrote to him in Framingham, and
received an answer, dated March 3, 1891, stating that one Hall,
the owner, would sell the property for $15,000; that soon after
the defendant asked the plaintiff if he had heard anything;
that the plaintiff told the defendant that the owner agreed to
sell for $15,000, and that the plaintiff would give the property
to the defendant for that amount if the defendant would give
the plaintiff $1,500 as soon as the defendant received a deed of
the premises; that the defendant assented; that the plaintiff,
at the defendant's request, made out an agreement to sell
between the owner and the defendant which agreement con-
tained a provision that the owner should pay the plaintiff a
broker's commission of one per cent on the sale; that this
agreement, prepared in duplicate, was executed by the defend-
ant, but not by Hall, and the latter declined to carry out his
offer; that the plaintiff and the defendant went to Mr. Ball, an
attorney, who, on an examination of the papers, declared that
Hall could be obliged to give a deed; that, acting under the
attorney's advice, the son of the defendant tendered the sum of
$15,000 to Hall in the State of New York, in which Hall re-
sided; that Hall agreed to give a deed; that the plaintiff
asked the defendant to sign an agreement, which the plaintiff
handed to him, which agreement recited that the defendant was
to pay the plaintiff $1,500 when the deed was delivered; and
that the defendant declined to sign it, and denied liability.
The deed was duly executed on March 8, 1891, and recorded on
April 1, 1891.

The defendant contradicted much of the plaintiff's testimony,

but he in substance admitted that there was an agreement between the plaintiff and himself that he should pay the plaintiff one half the difference between $15,000 and $18,000, the latter being the amount which the plaintiff contended the property was worth, but said the plaintiff was then acting as broker for Hall, or as agent for himself, and that therefore the arrangement was invalid.

The evidence is more fully stated in the judge's instructions to the jury.

At the conclusion of all the evidence, the defendant's counsel asked the judge to rule that the plaintiff was not entitled to recover; but the judge refused so to rule, and the defendant excepted.

The defendant's counsel then, not waiving, but insisting upon, his exception above mentioned, asked the judge to rule that, if the plaintiff was entitled to recover anything in this action, he could not recover more than a *quantum meruit* for his services as broker; but the judge refused so to rule, to which refusal the defendant excepted.

The defendant's counsel also asked the judge to rule that a *quantum meruit* would be the usual broker's commission [and that upon the evidence in this case is one per cent upon the amount of the purchase money]. The judge gave all of this last instruction asked, except the part in brackets, which he refused to give, and the defendant excepted.

The judge instructed the jury substantially as follows :

" The plaintiff says that the defendant agreed to pay him fifteen hundred dollars for his services in procuring the estate No. 234 State Street. He says that he rendered services which resulted in the procuring by the defendant of that estate, and that the defendant owes him fifteen hundred dollars. The defendant denies that he agreed to pay fifteen hundred dollars, with the further statement, that, if he did agree to pay fifteen hundred dollars, it was under such circumstances as that' the promise is not binding in law. That is the simple issue between the parties.

" The first question is whether the defendant ever agreed to pay the plaintiff fifteen hundred dollars for this service. I understand it is claimed by the plaintiff that, after the plaintiff

had received a letter from Whitmore announcing the terms on which Hall would sell, he and the defendant met at the Parker House, and that the plaintiff being somewhat reluctant, as he says, and as the defendant says, to communicate to the defendant the contents of the letter which he had received from the agent of Hall, the defendant told the plaintiff that if he would tell him what the contents of the letter were, he would pay him fifteen hundred dollars ; was that said ? I do not understand it to be denied by the defendant that something of that kind was said; that in some form of language there was a proposition coming from the defendant, that if the plaintiff would communicate to him the contents of the letter, that he would pay the plaintiff fifteen hundred dollars.   The plaintiff further claims that, if that conversation does not make a contract, there was one subsequently ; that after this conversation at the Parker House he received a telegram from Whitmore saying that Hall would not sell the property for fifteen thousand dollars ; that he then told the defendant; that then both the plaintiff and the defendant went to the office of Mr. Ball, and the defendant told the plaintiff at that office that, if he would go on and aid him in procuring the property at the price named in that offer, fifteen thousand dollars, he would give him fifteen hundred dollars.   The defendant, as I understand it, denies that any such talk was there had.   And each party has introduced evidence tending to show his own respective claim, the plaintiff claiming and testifying that the offer was made, the defendant claiming and testifying, by himself and others, that no such offer was made.

"In the first place, you are to see whether any such contract was made.   The burden is upon the plaintiff to satisfy you.   If you are not satisfied, by a fair preponderance of the evidence, that such an agreement was made on the part of the defendant, your verdict should be for the defendant.   If you are satisfied that, at either one of these times, the defendant, for services theretofore or thereafter rendered or to be rendered in the purchase of that estate, agreed to pay the plaintiff fifteen hundred dollars, then you are to come to a further consideration as to whether that promise can be enforced by the plaintiff in this action.

"The first objection which the defendant makes to it is, that the promise was illegal by reason of the fact that the plaintiff at that time was acting as the agent both of the seller and of the purchaser. And both parties concede that, if he was acting as the agent of the purchaser and of the seller, the plaintiff cannot recover. If you find that the plaintiff was the agent of both parties at the time of the transfer of this property, he cannot recover. The burden, however, is upon the defendant to satisfy you of that fact. If you are satisfied that the defendant made the agreement, the burden is upon the defendant to show you some ground why it should not stand in law. If you are in doubt which way the evidence preponderates upon the question, your verdict should be for the plaintiff. If, however, you are satisfied by a fair preponderance of the evidence that he was acting as the agent of both parties at the time of the transfer of the property, then your verdict should be for the defendant.

"The second objection made by the defendant to the validity of the contract is that the plaintiff was acting as the agent of the defendant under a contract, for a consideration, the consideration being that the defendant would make no attempt through other parties to obtain the information which he says the plaintiff agreed as his agent to procure for him. The claim of the defendant is that he went to the plaintiff and made a bargain with him, in substance, that if he, the defendant, would call off his son from further prosecution of this investigation, and would leave the matter in the hands of the plaintiff, the plaintiff then agreed that he would procure that information, communicate it to the defendant, and give his services as a broker for the purchase of the estate for a reasonable compensation. On the other hand, the plaintiff says that, while he does not claim that he himself had any idea of purchasing that property, yet that he was not acting exclusively as the agent of the defendant; that the only thing he agreed to do was to communicate to him the price, and that he did not even agree to communicate it to him exclusively, but that he held the right still in his own hands to act as he chose upon the information which he received, and that he was not bound to communicate the information which he received to the defendant unless he chose; that he had the right to communicate it

to somebody else.  I understand the attorney for the plaintiff substantially to concede that, if there was a contract between the plaintiff and the defendant, by the terms of which the plaintiff was for a reasonable consideration to obtain the price of this estate from the owner, and to aid the defendant in the purchase of the estate, and as a consideration for that the defendant had agreed to cease prosecuting in any other direction, it was the duty of the plaintiff to comply with the terms of his contract; and that when he received communication from the agent stating what the price of the estate was, if his contract called upon him to give that price to the defendant, then he could not properly withhold it from the defendant and insist upon additional compensation before he would communicate it to him.  That is to say, if he agreed as the agent of the defendant to give him the price of the property, and the contract had been made, it was his duty to do it.

" The claim of the defendant is, that if, as an agent of the defendant, the plaintiff procured this information, then it was information to which the defendant was entitled, and the agent could not hold it back and attempt to get more from the defendant for that information than he, as agent, was entitled to by the terms of the original contract.  And it is said by the defendant that you ought to be satisfied upon this evidence that in doing what he did the plaintiff was acting as the agent of the defendant under the contract made in the first place.

" If, prior to the meeting at the Parker House, when finally the contents of this letter were communicated to the defendant, the plaintiff, as the agent of the defendant, had upon him the duty to communicate to the defendant the contents of the letter, even if the defendant, for the purpose of obtaining those contents, promised to pay fifteen hundred dollars, it was a promise without consideration, and did not bind the defendant, because it was a promise to get the plaintiff to do what by the terms of the contract theretofore made, if there was such a contract, he had agreed to do.  But if you are not satisfied upon the evidence that that was the state of things, and you are not satisfied that the plaintiff was acting as the agent of both parties, then I see no reason why, if the defendant agreed to pay the plaintiff, he should not pay him.  And on this branch of the inquiry the question

is, whether before the meeting at the Parker House the plaintiff had agreed for a reasonable compensation to communicate to the defendant the offer contained in the letter. If he had not so agreed, — and the burden is upon the defendant to satisfy you that he had, — and the defendant, not being entitled by that contract theretofore made to that information, saw fit to offer the plaintiff fifteen hundred dollars if he would communicate it to him, that is sufficient to hold the defendant. Because, the defendant having promised to pay it, and not being entitled to the information, if you so find, there was no obligation on the part of the plaintiff to communicate it to him; and if the defendant saw fit to buy it, he had the right; there was no illegality in the transaction. However, if you find that the defendant is not bound by what he said at that time, then the next question is whether he is bound by the second alleged contract if you find he made a promise of fifteen hundred dollars; that is, when they were in Mr. Ball's office.

" Of course, in the first place, you will see whether the defendant made the promise. If he did not, then that ends that part of it; if he did, then the next question is whether there is anything in law that will excuse him from that promise. I have stated to you that, if he was acting as agent of both parties, that excuses the defendant, and the contract cannot be enforced. And then the question comes whether there is any other feature of the case which, if you are satisfied it is proved, will authorize you to say that the defendant was not bound by that promise made at that time if he made it. I understand the claim of the defendant to be that this communication, this information, this letter which the plaintiff then had in his hand, was really information which the plaintiff had obtained as the agent of the defendant, and stands on the same ground as the information which he gave him in reference to the price.

" If the plaintiff, as the agent of the defendant, obtained that information and got that letter as the agent of the defendant, the letter was a letter which the principal had a right to avail himself of; it would be against public policy for the agent to make use of it against the interest of the principal; and the plaintiff had no right to use that letter against the interest of the defendant, either for the plaintiff himself or for any other person.

An agent cannot turn information against his principal in that way. If he had attempted to avail himself of it, he could have been compelled by equity to have turned the proceeds of whatever he got out of it over to the principal.

" You are still brought to the question whether the plaintiff acted as agent of the defendant in getting that letter. If he did, then it was his duty to turn it over to the defendant, and that being his duty, the promise, if any, which the defendant made to him to pay him fifteen hundred dollars for that service, including that letter, would not be a valid promise. If, however, the plaintiff on that matter had the right to hold that paper for his own benefit, or for the benefit of anybody to whom he chose thereafter to give the advantage of it, and the defendant had no right to avail himself of the contents of that paper without the consent or permission of the plaintiff, and if he therefore agreed, if the plaintiff would let him have that paper and help him to get the property, to pay him fifteen hundred dollars, then I do not see why the defendant is not bound.

" It all depends upon this, whether, in the first place, a contract was made by the plaintiff and the defendant, whether the defendant ever agreed to pay fifteen hundred dollars or not. If he did not, there is no case here so far as this count of fifteen hundred dollars is concerned ; if he did, then see whether the plaintiff was acting as the agent of both parties ; if he was, he was doing what by law he had no right to do, and he could not recover from either. If he was not acting for both parties, then see whether he was acting as the agent of the defendant. In so far as he was acting as the agent of the defendant under a contract made for a reasonable compensation, then he must carry it out, and can recover no additional compensation from the defendant as consideration, unless there was a new contract about the matter.

" The counsel have argued to you two questions, or three questions: in the first place, Was a contract ever made by this plaintiff ? in the second place, Was the plaintiff the agent of both parties ? in the third place, Was he the agent of the defendant? And I rule to you that if the plaintiff was the agent of both parties, he cannot recover at all. I rule to you still further, that the burden is upon him to show that the defendant agreed to pay fifteen hundred dollars. And if you are not satisfied he

has shown that by a fair preponderance of the evidence, then he cannot recover on those counts for fifteen hundred dollars; if he does satisfy you that the defendant ever agreed to pay it, then the defendant is bound by his promise, unless the plaintiff was acting as the agent of both parties, or unless you find that the promise was made to the plaintiff to induce him to give up to the defendant something which, by the promise theretofore made, he had agreed to give up. And here the burden is upon the defendant to satisfy you of that. If the defendant fails to satisfy you, then he is bound by the contract. If he does satisfy you that, by reason of the prior contract, he was entitled to all which the plaintiff gave him, and no consideration was mentioned for any additional promise, then he is not bound by the contract.

"The parties agree that you may consider a count on *quantum meruit*. That is to say, if you are satisfied that by the means of the exertions of the plaintiff this defendant finally got this property, then, unless the plaintiff was acting for both parties, he is entitled to recover reasonable compensation; and that, by the rule of law, is the usual fair market value for the services which are rendered. If he acted as a broker, I think I do no injustice to either party in saying that the fair, ordinary commission which brokers charge is regarded as a fair compensation for what he should receive. If you find for the defendant, therefore, that the plaintiff is not entitled to recover his fifteen hundred dollars, but you find that by means of his exertions wholly or in part the property was procured by the defendant, and that the plaintiff was not the agent of both parties, you would be justified in finding for the plaintiff for the usual commission allowed in such cases. If you find for the plaintiff, you will compute interest from the date of the writ, which is the eleventh day of May, 1891, at six per cent, and add it to that sum."

The jury found for the plaintiff for $1,598.75; and the defendant alleged exceptions.

*B. L. M. Tower*, for the defendant.

*I. R. Clark*, for the plaintiff.

MORTON, J. The rulings asked for were rightly refused, and the instructions that were given were correct.

1. There was no evidence from which the jury could properly infer that, in procuring from Hall the agreement to sell, the

plaintiff was not acting for himself, and was acting as the agent of the defendant, or as a broker for Hall. The letter sent by the plaintiff to the agent of Hall and the reply were consistent with this view, as well as the plaintiff's account of what occurred between the defendant and himself in relation to the sale of the property to the defendant. The defendant testified, among other things, that he did not employ the plaintiff. If the plaintiff had an option to purchase the property, and agreed with the defendant to give him the benefit of it for fifteen hundred dollars, and further agreed to assist him in procuring a deed from Hall, and the defendant agreed to give him fifteen hundred dollars on obtaining a deed from Hall, such an agreement constituted a valid and binding contract, and on receiving the deed from Hall the defendant became bound to pay to the plaintiff the fifteen hundred dollars. Whether there was such an agreement was a question of fact for the jury, upon all the evidence. The defendant seems in substance to have admitted that there was an agreement between the plaintiff and himself that he should pay the plaintiff one half the difference between fifteen and eighteen thousand dollars, but says that the plaintiff was acting as broker for Hall, or as agent for himself, and therefore that the arrangement was invalid. But whether the plaintiff was acting in either capacity was, as already observed, a question for the jury. The fact that the plaintiff inserted into the agreement which he prepared for Hall to sign a stipulation that Hall should pay him a broker's commission of one per cent was evidence bearing on the question whether the plaintiff was acting as broker, but in view of the fact that Hall did not agree to it, and that no commission appears to have been paid to the plaintiff, it would not operate of itself to release the defendant from the agreement which, as the jury must have found, he had made with the plaintiff. The first request, namely, that the plaintiff upon all the evidence was not entitled to recover, was therefore rightly refused.

2. The second request was that the plaintiff could not recover more than a *quantum meruit* for his services as broker, if he was entitled to recover anything. It is obvious from what has already been said that this request also was rightly refused. It assumed for one thing that the plaintiff had been acting as a broker. Whether he had been so acting or not was one of the

questions in issue. Again, it disregarded the plaintiff's claim that there was a special agreement between the defendant and himself, and of which there was evidence for the jury.

3. The third and last request related to the count on a *quantum meruit*, and was in substance that what the plaintiff would be entitled to recover would be the usual broker's commission, which upon the evidence in the case was one per cent upon the purchase money. The court instructed the jury on this count that the plaintiff was " entitled to recover reasonable compensation," and that that was " the usual fair market value for the services which are rendered." The court then observed, " If he acted as a broker, I think I do no injustice to either party in saying that the fair, ordinary commission which brokers charge is regarded as a fair compensation for what he should receive." We think the defendant can have no just ground of complaint as to the manner in which the court left the matter to the jury.                            *Exceptions overruled.*