## WILLIS BAKER v. JOHN A. BARKER.[1]

July 5, 1912.

Nos. 17,667—(171).

**Broker's commission.**

In an action to recover a broker's commission on the exchange of properties, brought about by plaintiff's efforts, it is *held* that the verdict is sustained by the evidence, and that the record presents no reversible errors.

**Exchange of parcels — evidence of custom.**

Evidence of a custom among brokers of charging for their services, where an exchange of properties is effected, a specified commission upon the value of the property, *held* competent upon the question of the reasonable value of such services.

Action in the district court for Hennepin county to recover $990 for services rendered in an exchange of real estate. The reply was a general denial. The case was tried before Waite, J., and a jury which returned a verdict in favor of plaintiff for $862. From an order denying defendant's motion for a new trial, he appealed. Affirmed.

*Jesse Van Valkenburg,* for appellant.

*Wright & Matchan,* for respondent.

Brown, J.

Action to recover a commission alleged to have been earned by plaintiff in procuring a purchaser for property listed with him for

---

[1] Reported in 137 N. W. 7.

sale or exchange by defendant. Plaintiff had a verdict, and defendant appealed from an order denying his motion for a new trial.

Defendant was the owner of certain real property in the city of Minneapolis, known as "Gopher Flats," and listed the same with plaintiff for sale or exchange. As a result of plaintiff's efforts a prospective purchaser was presented to defendant, and subsequent negotiations resulted in an exchange of defendant's property for certain land owned by the person procured by plaintiff, and by proper conveyances the exchange was fully consummated. There is no controversy about these facts. The whole dispute is over the amount to which plaintiff is entitled for his services. The action was brought ·to recover upon a quantum meruit, and defendant interposed in defense an express contract fixing plaintiff's compensation at $100.

Defendant contends: (1) That the evidence is practically conclusive that the compensation was expressly agreed upon; (2) whether so agreed upon or not, that the verdict of the jury is excessive, and is not supported by the evidence; (3) that the court erred in excluding certain evidence offered by defendant at the trial.

1. We have fully considered the record, and reached the conclusion that the question whether there was an express contract between the parties fixing plaintiff's compensation at $100 was, on the evidence presented, one of fact, properly submitted to the jury, and that the verdict is supported by sufficient competent evidence.

2. The further contention that the evidence does not support the verdict, as respects the amount thereof, and that it is excessive, is not sustained. It appears that the defendant's property was listed with plaintiff at the value of $35,000, and plaintiff was authorized to effect a sale or exchange upon the basis of that valuation. It does not clearly appear whether the exchange in question, initiated by plaintiff, but consummated and completed by defendant, was in fact upon that valuation. The conveyances simply expressed a nominal sum as the consideration.

There was, however, as bearing upon the question of the value of plaintiff's services, evidence of a general custom among real estate brokers at Minneapolis to the effect that, where no compensation in such cases is expressly agreed upon, the broker effecting an exchange

is entitled to a certain commission, based upon the value of the property, and that such commission is usually and ordinarily charged and paid for the services of the broker. We hold that this evidence was competent upon the particular question, and proper for consideration by the jury in determining the value of plaintiff's services.

The amount allowed by the jury was within the limits fixed as being customarily charged in such cases, and is not excessive. But, even in the absence of evidence that the valuation of the property exchanged is customarily made the basis of a broker's commission, we are clear that $862, the amount awarded plaintiff, is not as a matter of law excessive, when the value of the exchanged property is fixed by the owner at $35,000. In any event, we are of opinion that the verdict is within reasonable limits, and, having been approved by the trial court, must be sustained.

3. The third contention, that the court erred in sustaining an objection to a question by which defendant sought to show that, where an exchange of properties is made without reference to the value thereof, there is no custom among brokers as to the compensation to be received, is not sustained. In the first place, the record is not clear that the court so ruled. While the question appears to have been put to witness Hanford, at folio 330, and there ruled out, it was repeated to the witness later, and he was permitted to answer that the compensation was in such cases usually estimated upon the basis of the value of the property. Folios 348, 349. But, if this be not correct, then the error, if there be error at all, was cured by the subsequent admission of the evidence without objection. Witness Benner testified at folio 357 that there was no custom controlling such cases.

This covers the case, and the order appealed from is affirmed.