## BOND v. HANCOCK.

(Court of Civil Appeals of Texas.  Galveston.  Jan. 22, 1914.)

1. APPEAL AND ERROR (§ 1002*)—REVIEW — VERDICTS.

A verdict on conflicting evidence will be deferred to on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

**2. ACTION (§ 45*)—JOINDER OF CAUSES—BROKERS—ACTIONS FOR COMPENSATION.**

In an action by a real estate broker for compensation in assisting defendant to obtain title to land, the petition may allege in the alternative an express contract and a right of recovery on a quantum meruit.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 378–383, 385–448; Dec. Dig. § 45.*]

**3. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.**

An assignment of error unaccompanied by such a statement as is required by the rules will not be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

**4. BROKERS (§ 85*) — COMPENSATION — RIGHT TO COMPENSATION.**

In an action by a real estate broker on the quantum meruit for compensation in assisting defendant to procure title to land, the reasonable value of his services is to be determined by a consideration of the benefit to defendant, the labor performed, and time and money expended by the broker, and for such purpose the value of the property involved is material.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 106–115; Dec. Dig. § 85.*]

Appeal from Jasper County Court; J. J. Lee, Special Judge.

Action by J. J. Hancock against W. P. Bond. From a judgment for plaintiff, defendant appeals. Affirmed.

W. B. Powell, of Jasper, for appellant. Wightman & Hancock, of Newton, for appellee.

PLEASANTS, C. J. This suit was brought by the appellee against the appellant to recover the sum of $600 as compensation for services claimed to have been rendered by appellee at the special instance and request of appellant in assisting appellant to obtain title to a tract of 640 acres of land in Jasper county known and described as Houston & Texas Central Railway section No. 82. The plaintiff declared upon a contract by which the defendant agreed to pay the sum of $600 for the services rendered by the plaintiff, but prayed in the alternative that, in event it should be found that he was not entitled to recover said sum under his contract, he recover the reasonable value of his services, which he alleged was the sum of $600. The defendant answered by a general demurrer, special exceptions, and general denial. The trial in the court below with a jury resulted in a verdict and judgment in favor of plaintiff for the sum of $600.

The evidence is sufficient to sustain the finding that the defendant entered into the contract as alleged in plaintiff's petition, and that plaintiff fully performed his part of his contract. It is also sufficient to sustain the finding that the reasonable value of the services rendered defendant by plaintiff was the sum of $600.

[1] The evidence upon both of these issues, which consisted mainly of the testimony of the plaintiff and the defendant, is sharply conflicting; but that conflict was a question for the jury, and in deference to their verdict we make the above findings of fact.

[2] The first assignment of error complains of the judgment of the trial court overruling defendant's general demurrer to plaintiff's petition. The contention under this assignment is that the petition was bad on general demurrer because it alleged "two separate, distinct, and inconsistent causes of action; one being for a specific amount on an express contract, and the other being an action for quantum meruit for labor performed without any agreement as to the amount to be paid therefor."

There is no merit in this contention. No rule of pleading is better settled than that a plaintiff in a suit of this character may plead in the alternative and recover either the alleged agreed compensation, or the reasonable value of his services, as the evidence may authorize. Fant v. Andrews, 46 S. W. 909.

[3] The second assignment complains of the ruling of the court in permitting the plaintiff to testify as to the value of the land the title to which he obtained for the defendant. The proposition under this assignment is as follows: "Where one person agrees to perform certain acts or labor for another for (without) a stipulated consideration or price, the value of said labor to the party paying therefor does not enter into the contract, and the value of such services is not measured by the benefit accruing therefrom to the party for whom the labor was rendered, but the true value of his services is such an amount as would reasonably compensate him for the services performed without reference as to whether they were beneficial or not to the defendant." There is no statement under the assignment as required by the rules, and for this reason it is not entitled to consideration.

[4] If, however, the assignment was properly presented, it could not be sustained. Plaintiff under his claim of quantum meruit was entitled to recover the reasonable value of his services, and, in determining what was their reasonable value, the value of the land which he procured for the defendant should be considered. Compensation for services of this kind is not determined by the quantum of labor performed without regard to the benefits that accrue to the recipient of the services. No one would be held liable to pay the same amount to an agent who purchased or sold for him a tract of land worth $100 that he would for the purchase or sale of a tract worth $1,000, notwithstanding the fact that the actual labor performed by the agent in the one case was equal to that performed in the other. In determining the reasonable value of such services, the benefit to the defendant, labor performed, and time and money expended by the plaintiff should all be considered. Hall v. Irrigation Co., 53 Tex. Civ. App. 592, 116 S. W. 831.

There was no error in the refusal of the

court to give the special charge requested by defendant. This charge in effect instructed the jury that they could only consider, in determining what plaintiff should recover on his claim for quantum meruit, what amount would reasonably compensate him for the labor performed by him. It follows from what we have before said that the amount of plaintiff's recovery could not be so restricted.

This disposes of the material questions presented by appellant's brief. None of the remaining assignments present any error, and each is overruled without discussion.

We are of opinion that the judgment of the court below should be affirmed, and it has been so ordered.

Affirmed.