## PRYOR & WILSON v. MOODY.

No. 2655.

Court of Civil Appeals of Texas. El Paso.
April 14, 1932.

Rehearing Denied May 6, 1932.

W. C. Jackson and R. D. Blaydes, both of Ft. Stockton, for appellant.

W. B. Silliman and Hart Johnson, both of Ft. Stockton, for appellee.

HIGGINS, J.

Moody brought this suit against Pryor & Wilson to recover a broker's commission for effecting the sale of certain lands in Pecos county, owned by defendants to J. M. Montgomery. Plaintiff recovered judgment for $2,000, from which the defendants appeal.

The petition sets up a listing by defendants of the lands for sale and express contract of employment and to pay a commission. Facts are also alleged imposing liability upon an implied contract of employment; also upon simple quantum meruit.

The issues submitted and answers returned read:

"Special Issue No. 1: Do you find and believe from a preponderance of the evidence that the plaintiff, by either express or implied contract, was engaged by the defendants through F. S. Wilson during the summer and fall of 1930 to sell the lands mentioned in this suit? Answer, Yes or no. Answer: Yes.

"Special Issue No. 2: If you have answered the foregoing special issue No. 1, 'Yes,' then answer the following special issue; but if you have answered it 'No', you need not answer further:

"Do you find and believe from a preponderance of the evidence that the Plaintiff, G. L. Moody, was instrumental in bringing together the defendants, Pryor & Wilson, as sellers, and J. M. Montgomery as purchaser of the lands described and mentioned in Plaintiff's petition? Answer Yes or No. Answer: Yes.

."If you have answered the foregoing special issue No. 2, 'Yes,' then answer the following: Special Issue No. 3, but if you have answered it 'No,' then you need not answer further:

"Special Issue No. 3: What sum of money if any do you find and believe from a preponderance of the evidence to be a reasonable commission to the plaintiff for services, if any, rendered by him in the sale of the lands described and mentioned in Plaintiff's petition? Answer with the amount. Answer: $2,000.00, which includes interest.

"Special Issue No. 4: Do you find and believe from a preponderance of the evidence that the Plaintiff, G. L. Moody, at the time the sale to J. M. Montgomery was consummated had, or believed he had a pecuniary interest in such sale and purchase other than any commission, if any he might be entitled to? Answer yes or no. Answer: No."

Error is assigned to the action of the court in overruling a special exception to the petition. In effect the exception is that the petition declares upon an express contract and upon quantum meruit all in one count; that said causes of action are separate and distinct, requiring different evidence to establish same, and the causes of action are so intermingled that it is impossible to determine upon which plaintiff is attempting to declare, and defendants are therefore unable to properly prepare to meet the issue. It is suggested the petition is so defective in this respect as to subject it to general demurrer; but this is altogether untenable.

But the form of the pleading is subject to criticism. Under our system of pleading it is well settled that in a suit of this character the plaintiff may so plead as to recover upon an express contract of employment, or an implied contract of that nature, or a simple quantum meruit as the evidence may authorize. It is not necessary, as appellants seem to contend, that the petition be in separate counts, each complete within itself, but alternative allegations may be made. Bond v. Hancock (Tex. Civ. App.) 163 S. W. 660.

The petition should not be framed so as to intermingle the different causes of action and leave it wholly uncertain upon which the plaintiff primarily relies. A petition so framed is justly subject to the criticism of repugnancy, inconsistency, and uncertainty. The rules of good pleading contemplate that the different causes of action be set up by alternate pleas with appropriate prayer for relief. Haley v. Pearson (Tex. Civ. App.) 14 S.W.(2d) 313; Thames v. Clesi (Tex. Civ. App.) 208 S. W. 195.

The special exception should have been sustained, but no injury appears to have re-

sulted from the erroneous ruling. The error therefore is regarded as harmless (Golden v. Odiorne, 112 Tex. 544, 249 S. W. 822); but since a reversal must be ordered upon other grounds it is proper that we should pass upon the merits of the exception.

■ Evidence was admitted showing the customary commission paid by landowners to brokers for selling lands in Pecos county, in the absence of a special contract. To this it was objected that there was no pleading showing that defendants knew what such customary commission was, or that it was so notoriously known as to charge them with such knowledge.

Upon the implied contract of employment and the quantum meruit, in support of which this evidence was introduced, plaintiff was entitled to a reasonable compensation for his services, and the customary commissions paid for such services in Pecos county was competent for the purpose of ascertaining what would be such compensation. 9 C. J. 580; Martin v. Law (Tex. Civ. App.) 290 S. W. 261; McNabb v. Woolfolk (Tex. Civ. App.) 240 S. W. 1043; Geiger v. Kiser, 47 Colo. 297, 107 P. 267; Hess v. Hayes, 146 Iowa, 620, 125 N. W. 671; Graves v. Dill, 159 Mass. 74, 34 N. E. 336; Baker v. Barker, 118 Minn. 419, 137 N. W. 7; Lansing v. Johnson, 18 Neb. 174, 24 N. W. 726.

From this it follows the evidence was properly admitted. This disposes not only of the second and third propositions submitted by appellants, but the fifth as well.

Defendants pleaded an estoppel to recover a commission. Substantially it was to the effect that plaintiff led defendants to believe he was interested with Montgomery in the purchase of the land; they therefore believed they would not be expected to pay a commission, and sold the land for less than they otherwise would have done. The evidence raises the issue thus tendered.

■ Defendants' requested issue No. 9, which the court refused, reads: "Did the acts, conduct and representations of plaintiff, Moody, lead the defendant, Wilson, to believe that he, Moody, was personally interested with Joe Montgomery, in all his (Moody's) efforts, if any, to interest said Montgomery in the purchase of said lands of defendants. Answer 'Yes' or 'No' as you find the facts to be."

An implied contract and promise to pay the reasonable value of services rendered arises where one, without an express agreement, performs valuable services for another, and the latter assents thereto or avails himself of the service. But such promise will not be inferred where the facts are inconsistent with such inference. 6 R. C. L. Title Contracts, § 6. Surely a landowner would not expect to pay a broker for selling such own-er's land to some one with whom the broker is interested in the purchase. This phase of the case not only presents the issue of estoppel to demand a commission, but also goes to the foundation of any right of recovery upon an implied contract to pay plaintiff for the services rendered in effecting the sale to Montgomery. The requested issue should have been given.

Other requested issues referred to in the statement subjoined to appellants' proposition No. 4 are not in proper form, and their refusal presents no error.

■ Exception was taken to the court's charge because of its failure to define the term "implied contract," as used in the first issue.

The term is not of such simple meaning as would be readily understood by the average juror, and proper definition thereof should have been given. Robertson & Mueller v. Holden (Tex. Com. App.) 1 S.W.(2d) 570.

■ Other objections are urged against the charge but they were not presented in the court below as the law requires, and cannot be raised for the first time in this court as ground for reversal.

■ In view of retrial, however, it may be said that the first issue is duplicitous, rendering it impossible to determine from the answer returned whether the jury found the contract of employment was express or implied.

Reversed and remanded.

WALTHALL, J., did not sit in this case.