PAGE et al. v. ESTES et al.

No. 10755.

Court of Civil Appeals of Texas.
San Antonio.

May 22, 1940.

Rehearing Denied July 10, 1940.

Sidney P. Chandler, of Corpus Christi, for appellants.

C. O. Hamlin and Chas. H. Clark, both of Corpus Christi, for appellees.

SMITH, Chief Justice.

J. H. Page and others for whom he acted were joint owners of a tract of 36.17 acres of land in Nueces County, which they proposed to lease for oil and gas purposes. According to the effect of jury findings Page listed the property, for lease, with George Estes and Robert Pinson, at a stipulated money price, to which Page was to add $200 per acre, to be paid in oil by the lessee, as broker's commission to Estes and Pinson. The jury further found that Estes and Pinson procured a purchaser of the lease, which was consummated upon the stipulated terms, including the added consideration of $200 per acre. When Estes and Pinson demanded their commission, Page and his co-owners, for whom Page acted under power of attorney, refused payment, whereupon the brokers brought this suit and recovered judgment against Page and his associates, for $2,880, which the jury found to be the reasonable value of the services rendered. Estes and Pinson will be referred to as plaintiffs and Page and his associates as defendants, as in the court below.

None of the negotiations between the parties were in writing; the transactions were wholly in parol.

Plaintiffs based their suit upon allegations of an express contract by which, it was alleged, defendant agreed to include in the sale price of the lease the sum of $200 per acre to be paid in oil by the lessee, which defendant was to assign to plaintiffs as commission for procuring the sale. But, in the alternative, plaintiffs also alleged a cause of action, as upon the quantum meruit, for the reasonable value of their services. On demurrer the trial judge struck plaintiffs' allegations of express contract, and submitted the case solely on the theory of quantum meruit, the issues of which the jury resolved in favor of plaintiffs, as follows: (1) That plaintiffs were the procuring cause of the sale of the Page lease; (2) that defendants knowingly accepted the services plaintiff rendered them; (3) that defendants knew plaintiff would expect compensation if the sale was made; (4) that they notified defendants before the sale that they would expect compensation, and that the services rendered by plaintiffs were of the reasonable value of $2,880.

■■ Defendants contend that plaintiffs failed in both pleading and evidence to show that defendants actually employed plaintiffs to procure a purchaser for the lease; that this was an independent and controlling issue on which a jury finding was essential as a basis for judgment for plaintiffs. We overrule these related contentions. In a suit for commission, such as in this case, it is not necessary that the broker allege, prove and elicit a finding that the seller expressly employed him to effect a sale; it is sufficient if he pleads, proves and elicits findings that he procured the sale through services performed by him with the knowledge and acquiescence of the seller, and with the expectation, known to the seller, of a commission from the latter. In such case the contract of employment will be implied as a matter of law. We think plaintiffs' case was well pleaded and established by efficient findings, on sufficient evidence. Bond v. Hancock, Tex.Civ.App., 163 S.W. 660; Lane v. Davidson, Tex.Civ.App., 31 S.W.2d 1094; Pryor & Wilson v. Moody, Tex.Civ.App., 49 S.W.2d 506; Marr Piper Co. v. Bullis, Tex.Com.App., 1 S.W.2d 572; Stevens v. Karr, 119 Tex. 479, 33 S.W.2d 725; Colbert v. Dallas Joint Stock Land Bank, 129 Tex. 235, 102 S.W.2d 1031.

■ The measure of damages, to-wit, the reasonable value of the services rendered by plaintiffs, was established primarily by the testimony of plaintiff Estes and his witness Perkins. Defendants contend that the evidence upon that issue was incompetent and insufficient. We overrule those contentions. On the question of competency each of the witnesses testified unequivocally that he knew the customary broker's commission paid in that vicinity for procuring sales of oil leases, as well as the market value of such leases. This was sufficient, prima facie, to qualify these witnesses to testify upon the issue of reasonable commission. City of Waco v. Roberts, Tex.Civ.App., 12 S.W.2d 263; Id., 121 Tex. 217, 48 S.W.2d 577. Defendants' objections to the qualification of those witnesses went rather to their credibility and the weight of their testimony than to its admissibility. Defendants had the privilege of exploiting those objections in the cross-examination of the witnesses. Wilson v. Barbour, Tex.Civ.App., 135 S.W.2d 169. Moreover, we think other testimony by those witnesses fully qualified them to give

their opinions on the issue of reasonable value of services in such matters, and we conclude that their testimony supports the jury finding on that issue. 7 Tex.Jur. p. 527, § 126; Pryor & Wilson v. Moody, Tex. Civ.App., 49 S.W.2d 506.

Testimony of the customary broker's charge, of the value of the lease to the landowner, of the benefits he derives therefrom, and of the amount promised by the seller, may all be considered by the jury in determining the reasonable value of the broker's services. 7 Tex.Jur. 527, § 126; Bond v. Hancock, Tex.Civ.App., 163 S.W. 660.

Testimony of customary commission, where pleaded, can be introduced, and it need not be shown that the principal knew of it in order to render it admissible upon the issue of reasonable value of broker's services. McNabb v. Woolfolk, Tex.Civ. App., 240 S.W. 1043.

Defendants complain of the admission of the testimony of plaintiff Estes that he knew the customary charge for broker's commission in Brooks County and South Texas, and that it was the same as in Nueces County, where the sale involved was effected. The testimony was admissible, at least in the absence of evidence of a different custom in those places. Floore v. J. T. Burgher & Co., Tex.Civ.App., 128 S.W. 1152.

Defendants contend that testimony of Estes and Perkins as to the value of the lease to the landowners was mere speculation and as such should have been excluded. In view of testimony as to their previous dealings and experience and familiarity with the sale of oil and gas leases in the vicinity, and their unequivocal statement that they knew the market value and the benefits to the owners of the lease, we hold that the trial court properly admitted such testimony. Bond v. Hancock, Tex. Civ.App., 163 S.W. 660; Pryor & Wilson v. Moody, Tex.Civ.App., 49 S.W.2d 506.

Defendant J. H. Page acted for himself and his co-owners in the negotiations with plaintiffs, under written power of attorney constituting him a general agent, for the owners, to effect sale of an oil and gas lease on the land involved. Defendants objected to the admission of this power of attorney in evidence, upon the ground that the instrument did not authorize Page, as agent, to employ brokers to effect or aid in the sale. The trial judge admitted the

evidence over that objection, however, and defendants have assigned error on that ruling. We overrule defendants' contention. The power expressly delegated to Page to sell the lease carried with it the incidental and implied authority to employ brokers to effect the general purpose. Barker v. Mosby, Tex.Civ.App., 118 S.W.2d 946; Republic Nat. Bank & Trust Co. v. Asbury, Tex.Civ.App., 91 S.W.2d 824.

The conclusions stated have the effect of overruling all of defendants' propositions. The case appears to have been fairly tried, no reversible error is shown, and the judgment must be affirmed.