STEPHEN LOVRENCHICH, *d. b. a.* STEPHEN LOVRENCHICH
& COMPANY, v. J. EDWIN COLLINS, CHANGED BY
ORDER OF COURT TO J. EDWARD COLLINS.[1]

February 9, 1951.

No. 35,368.

*Clarence O. Holten* and *James S. Eriksson,* for appellant.
*C. E. Warner,* for respondent.

MATSON, JUSTICE.

An appeal by defendant from an order denying his motion for
a new trial.

Plaintiff brought this action to recover from defendant $1,033.02,
the balance due on a charge of $2,094.73 as the reasonable value
of services rendered in repairing certain mechanical equipment.
Defendant contended that the material and workmanship furnished

[1]Reported in 46 N. W. (2d) 264.

by plaintiff were unsatisfactory, and therefore the price charged was excessive. The trial court found that the reasonable value of the work was $1,794.73, of which $1,061.71 had been paid, and that plaintiff was entitled to judgment for the balance, $733.02, with interest and costs. Defendant, whose motion for amended findings or a new trial was denied, appeals from that part of the order which denies a new trial.

The sole issue is whether the evidence sustains the trial court's finding as to the reasonable value of plaintiff's services.

The evidence shows that defendant, through his superintendent, requested plaintiff to repair, according to certain instructions, two air compressors equipped with gasoline engines and also a truck. Defendant testified that plaintiff told him before he took the job that the cost of such repair work could not be ascertained until the work had been completed. Upon completion of the repairs in October 1945, the equipment was returned to defendant and by him put into immediate use. About five months later, in April 1946, defendant's superintendent approved the repair job and requested that an invoice for the work be forwarded. Immediately thereafter a bill showing a total charge of $2,094.73 was mailed. About two or three months after receiving the bill, defendant testified that he called on plaintiff personally and protested the amount of the charge as being excessive and unreasonable. In February and March 1947, payments were made which left an unpaid balance of $1,033.02, the amount sued for herein. Plaintiff's bookkeeper stated that the amount of the total repair charge had been computed from the daily time-clock cards kept for each employe who worked on the repair job. Defendant's testimony was that in the fall of 1947, by reason of plaintiff's unsatisfactory work in 1945 in replating and metalizing the pistons, he had incurred additional repair expenses of $406, and that plaintiff's repair work was of the reasonable value of only $1,000 and not $2,094.73, as charged. It is to be noted that no difficulty with the repairs was discovered until after the equipment had

been in active use for many months. Furthermore, there is a dispute in the evidence as to whether such difficulty was caused by an improper metalizing job or by overheating as the result of a cracked block from freezing.

■ Although a trial court's finding of reasonable value does not coincide with the valuation figure of any particular witness, if such finding is within the valuation limitations established by the various witnesses or by the evidentiary figures as to cost, and is otherwise reasonably supported by the evidence as a whole, the finding must be sustained. The trial court need not adopt the exact figures of any witness. Knutson v. Lasher, 219 Minn. 594, 604, 18 N. W. (2d) 688, 695; Manemann v. West, 216 Minn. 516, 13 N. W. (2d) 474. In the instant case, the trial court's finding of $1,794.73 as the reasonable value of plaintiff's services is clearly within the limits of the evidence and is reasonably supported by the evidence as a whole.

■ Defendant contends, for the first time upon appeal, that in 1945 the price which plaintiff could charge for his services was controlled by the Emergency Price Control Act of 1942, 50 USCA Appendix, § 901, *et seq.* He is in error. He cannot shift his position on appeal. Subject to an exception[2] which has no application here, the general rule is that the theory upon which a case is tried below becomes the law of the case and must be adhered to on appeal. Edelstein v. D. M. & I. R. Ry. Co. 225 Minn. 508, 31 N. W. (2d) 465; Allen v. Central Motors, Inc. 204 Minn. 295, 283 N. W. 490.

The order of the trial court is affirmed.

Affirmed.

[2]See, Hart v. Bell, 222 Minn. 69, 23 N. W. (2d) 375, 24 N. W. (2d) 41; Ray v. Homewood Hospital, Inc. 223 Minn. 440, 27 N. W. (2d) 409.