John M. PICKETT, Appellant,

v.

A. L. BIGGS, Appellee.

No. 6711.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 18, 1957.

Rehearing Denied Dec. 16, 1957.

James R. Collins, Amarillo, for appellant.

Snodgrass & Calhoun, Amarillo, for appellee.

NORTHCUTT, Justice.

This was an action brought by A. L. Biggs, hereinafter referred to as appellee, against John M. Pickett, hereinafter referred to as appellant, seeking to recover $600 for service charges of 1 per cent for securing a $60,000 loan for appellant, and for his expenses and attorney's fees. Appellee alleged that on or about January 20, 1954, appellant employed appellee to secure for appellant a firm commitment for a loan of $60,000 to construct a proposed office building for the usual service charges of 1 per cent of said loan commitment, and all expenses necessary to secure such commitment; that appellee accepted such employment (and the alleged expenses, but this will not be considered further as not involved herein); that he obtained a loan commitment for and in behalf of appellant from the Republic National Life Insurance Company of Dallas, Texas, for the sum of $60,000; that appellant accepted said commitment and by using the same as security obtained interim financing from the First National Bank of Amarillo and immediately commenced the construction; that appellant continued to use such interim financing under said commitment until the building was completed and the same was released by the First National Bank of Amarillo on August 12, 1954; that during such interim financing, appellee, at the request of appellant, furnished the First National Bank of Amarillo a title binder and abstract certificate to date at a total cost to appellee of $27.50. The case was submitted to a jury upon four Special Issues, all of which were answered in favor of appellee. By such answers, the jury found that appellant accepted the commitment secured by appel-

lee; that the usual charge for securing a loan for $60,000 was $600; that appellee made demand of appellant for such charges and that $225 was a reasonable attorney's fee for the services rendered. Judgment was granted in favor of appellee for the $600 and $225 attorney's fees. Appellant excepted to such judgment and gave notice of appeal. Appellant did not file a motion for a new trial.

■ We are of the opinion that appellee's petition gives appellant fair notice of the claims involved as required by Rule 47 of Texas Rules of Civil Procedure. Since appellant did not file a motion for a new trial, only the points raised by his motion for judgment non obstante veredicto should be considered. Fenley v. Ogletree, Tex. Civ.App., 277 S.W.2d 135 (writ refused N. R.E.).

■ By appellant's motion for a judgment non obstante veredicto he contends that the record is wholly void of any evidence to support the answers of the jury; that appellee failed to make out a case entitling him to go to the jury, and the court should have instructed a verdict for appellant; that there was not a contract by the terms of which appellant became obligated to pay appellee a fee, and that the offer to make the loan was a nullity and against public policy. The evidence is undisputed that appellant went to appellee and requested him to see if appellee could get appellant a loan, and at the same time signed an application for a loan. The appellee secured the granting, by letter from Republic National Life Insurance Company, of a loan for the appellant. Appellant took the letter granting the loan to the First National Bank of Amarillo, Texas, and secured interim financing upon the strength of such letter.

It is admitted under this record that appellant requested appellee to help appellant secure a loan and that appellee secured the promise of Republic National Life Insurance Company to make appellant a $60,000 loan, being the amount requested by appellant, and such offer was accepted by appellant. It is undisputed in this record that the usual and customary charges for securing such a loan is 1 per cent of the amount of such a loan. Under such a record, the contract of employment will be implied as a matter of law. Page v. Estes, Tex.Civ. App., 142 S.W.2d 292 (writ dismissed, judgment correct); Bratcher v. Moore, Tex. Civ.App., 219 S.W.2d 527.

Judgment of the trial court is affirmed.